# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-50161 |
| | CIVIL ACTION NO. 14-1477 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| MELVIN LEE MAYS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 101) filed by Petitioner Melvin Lee Mays. Mays alleges that (1) there was no proof beyond a reasonable doubt that he sold cocaine and thereby that the past offenses should be viewed as non-violent; (2) he did not receive the Government's notice regarding the Section 851 enhancement; and (3) mere possession is insufficient for a legal conviction for using a firearm in connection with a drug offense under 18 U.S.C. § 924(c). See id. at 4-5, 7.[1] The Government answered Mays' Section 2255 motion on September 27, 2014. See Record Document 111. For the reasons set forth below, Mays' Section 2255 motion (Record Document 101) is **DENIED** as untimely.

## BACKGROUND

A search warrant was obtained for a residence from which Mays had sold "crack cocaine" to undercover police officers. See Record Document 77 at 3. During this search the police officers found and seized powder cocaine, cocaine base, firearms, ammunition, a bulletproof vest, three digital scales, and a measuring cup in a duffel bag identified as

---

[1]On June 19, 2014, Mays filed an Amendment and Memorandum of Law to support his Section 2255 motion. See Record Document 103. Yet, on June 23, 2014, Mays submitted a letter to the Clerk of Court stating that he wanted to "stop and trash" his Amendment and Memorandum of Law. See Record Document 104.

belonging to Mays. See id. Mays was arrested. See id.

On November 18, 2004, a federal grand jury returned a six-count Indictment against Mays charging him with possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base (Count One); possession with intent to distribute cocaine hydrochloride (Count Two); possession of a firearm during a drug-trafficking crime (Count Three); possession of a firearm by a convicted felon (Count Four); possession of body armor (Count Five); and forfeiture (Count Six). See Record Document 1. On February 1, 2005, the Government filed an "Information and Notice of Prior Narcotics Convictions Pursuant to 21 U.S.C. § 851." See Record Document 25.

On March 10, 2005, a jury found Mays guilty as charged. See Record Document 46. On July 21, 2005, Mays was sentenced to life imprisonment. See Record Documents 60 & 61.

On October 26, 2006, the judgment of the United States Court of Appeal for the Fifth Circuit affirming Mays' sentence and conviction was entered into the district court record. See Record Document 77. On February 7, 2007, the United States Supreme Court denied Mays' petition for writ of certiorari. See Record Document 78. On August 1, 2012, this Court denied a motion to reduce sentence under 18 U.S.C. § 3582(c). See Record Documents 99-100.[2]

## LAW AND ANALYSIS

Title 28, United States Code, Section 2255(f) provides:

---

[2]The filing and denial of the § 3582(c) motion in 2012 does not affect the finality of Mays' judgment. See White v. U.S., 745 F.3d 834 (7th Cir. 2014); U.S. v. Thomas, No. 03-0257, 2012 WL 3062705, at * 3 (E.D. La. July 25, 2012).

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, Mays' conviction became final one year from the date that the Supreme Court denied his petition for writ of certiorari, February 20, 2007. See Record Document 78. Thus, his conviction became final on February 20, 2008. See Clay v. U.S., 537 U.S. 522, 527, 123 S.Ct. 1072, 1076 (2003). Mays did not file his Section 2255 motion until June 16, 2014. See Record Document 101.

As to timeliness, Mays states that his motion is filed pursuant to Section 2255(f)(3) and it is designated as a "Descamps claim." Record Document 101 at 12. He maintains that the issues he raises in his motion were "not ripe for appeal before the decision rendered in Descamps" and his motion is timely under Section 2255(f)(3). Id. at 4, 6, 7. In Descamps v. U.S., — U.S. — , 133 S.Ct. 2276 (2013), the Supreme Court held that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements." 133 S.Ct. at 2282. The Descamps Court explained that a district court at sentencing may only review certain materials when determining whether a prior conviction qualifies as an Armed Career

Criminal Act predicate if the predicate statute is divisible, i.e., if it lists potential offense elements in the alternative. See id. at 2282-2286. The Court further observed that limiting application of the modified categorical approach to divisible statutes was "the only way" it had "ever allowed" courts to use the categorical approach. Id. at 2283-2285.

Mays' argument as to timeliness fails because the Supreme Court did not recognize a new right in Descamps such that Descamps is made retroactively applicable to cases on collateral review. In U.S. v. Morgan, 845 F.3d 664 (5th Cir. 2017), the Fifth Circuit held:

> We hold that Descamps did not restart the clock because, even though Morgan filed his motion within a year of Descamps, the right Morgan asserts was not newly recognized by Descamps.
>
> . . .
>
> We agree with our sister courts that Descamps did not establish a new rule. . . . We conclude, therefore, that Morgan's § 2255 motion challenging his sentence is not timely.

Id. at 667-668. Descamps was based on precedent and simply did not establish a new rule retroactively applicable to cases on collateral review. Therefore, Mays' Section 2255 motion must be **DENIED** as untimely.

## CONCLUSION

Based on the foregoing, the Court finds that Mays' reliance on Section 2255(f)(3) and the Descamps decision is misplaced. Accordingly, his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 101) must be **DENIED** as untimely.

Pursuant to Rule 11(a) of the Rules governing Section 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability

when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of September, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE