UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  5:04-50161-01** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **MELVIN LEE MAYS** | **MAGISTRATE JUDGE HORNSBY** |

## RULING

Before the Court is a Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act ("FSA") of 2018, filed by Defendant Melvin Mays. [ECF No. 133]. Pursuant to his motion, Mays asks that his term of imprisonment be reduced, and that his term of supervised release be reduced from ten years to eight. *Id.* at 5. While the government concedes that Mays is eligible for the relief requested, it urges the Court to exercise its discretion and deny relief based upon the sentencing factors set forth in 18 U.S.C. § 3553(a). [ECF No. 134]. For the reasons set forth below, Defendant's motion is GRANTED.

## I.
### BACKGROUND

On November 18, 2004, Mays was indicted for the following offenses: possession with intent to distribute fifty grams or more of cocaine base (Count 1), possession with intent to distribute an unspecified amount of powder cocaine (Count 2), possession of firearms during a drug trafficking crime (Count 3), possession of firearms by a convicted felon (Count 4), and unlawful possession of body armor (Count 5). [ECF No. 1] Following a two-day trial, Mays was convicted on all counts. [ECF Nos. 43, 46]. Due to the

government's notice of intent to seek an enhanced sentence [ECF No. 25], the statutory penalty on Count 1 at the time of sentencing was mandatory life in prison. 21 U.S.C.A. § 841(b)(1)(A) (West 2004). On July 21, 2005, Mays was sentenced as follows:

| | |
|---|---|
| Count 1: | Life imprisonment, ten years supervised release |
| Count 2: | Twenty years imprisonment, six years supervised release |
| Count 3: | Sixty months imprisonment, five years supervised release |
| Count 4: | Ten years imprisonment, three years supervised release |
| Count 5: | Three years imprisonment, one year supervised release |

All terms of imprisonment were ordered to run concurrently, except for Count 3, which was ordered to run consecutively to all other counts. [ECF No. 61]. Mays now seeks a reduction to his term of imprisonment and supervised release, pursuant to the First Step Act of 2018.

## II.
### APPLICABLE LAW

On August 3, 2010, after more than two decades of substantial criticism from the United States Sentencing Commission and others in the law enforcement community that the harsh treatment of crack cocaine offenses was fundamentally unfair when compared to offenses involving powder cocaine, Congress passed the Fair Sentencing Act. *Dorsey v. United States*, 567 U.S. 260, 268 (2012). Section 2 of the Fair Sentencing Act amended 21 U.S.C. § 841(b)(1)(A)(iii) by increasing the 50-gram threshold for cocaine base convictions to 280 grams. *See* 124 Stat. at 2372. Section 2 similarly amended § 841(b)(1)(B)(iii) by increasing the 5-gram cocaine base threshold to 28 grams. *Id.* The Fair

Sentencing Act took effect on August 3, 2010 but applied only to sentences imposed thereafter. *Dorsey* at 264.

In 2018, Congress passed the First Step Act, which made the revised crack cocaine minimums established by the Fair Sentencing Act retroactive. First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat 5194 (2018). Section 404 of the First Step Act provides:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

*Id*. In this matter, Mays was sentenced for a covered offense (Count 1), and his sentence has not previously been reduced. Accordingly, the Court finds Mays is eligible for imposition of a reduced sentence in accordance with the First Step Act of 2018.

### III.
### ANALYSIS

In determining an appropriate reduction, the Court has considered the statutory sentencing range, the sentencing guidelines range, the sentencing factors set forth in 18

U.S.C. § 3553(a), and pre- and post-sentencing conduct. *See e.g. United States v. Jackson*, 945 F.3d 315, 321-22 (5th Cir. 2019); *United States v. Williams*, 943 F.3d 841, 843-44 (8th Cir. 2019) (citing *Pepper v. U.S.*, 562 U.S. 476, 504 (2011)); *United States v. Allen*, 19-3606, 956 F.3d 355, 357 (6th Cir. 2020). Mays was originally subject to a mandatory statutory sentence of life in prison for Count 1, followed by ten years of supervised release. Under the First Step Act, Mays' statutory sentencing range on Count 1 is now ten years to life, and his term of imprisonment must be followed by a minimum of eight years of supervised release. *See* 21 U.S.C. § 841(B). Mays' sentencing guideline range remains 360 months to life on Counts 1, 2, 4 and 5, and 60 months to be served consecutively on Count 3.[1] As of this date, Mays has served approximately sixteen years in prison for this offense.

As to the nature and circumstances of the offense, it is a non-violent narcotics offense involving the sale of cocaine and cocaine base, as well as the unlawful possession of firearms and body armor. According to the offense conduct section of the Presentence Investigation Report ("PSR"), on August 5 and September 9, 2004, the Shreveport Police Department purchased a total of .6 grams of cocaine base from Mays at his home. [PSR at 5]. On September 14, 2004, law enforcement executed a search warrant at Mays' home and found 69.23 grams of cocaine base, 13.44 grams of powder cocaine, nine firearms, a bullet resistant vest, three digital scales, assorted ammunition, handcuffs, and a "ski mask/bandana." *Id*. Although Mays was in possession of multiple firearms, there is no

---

[1] Mays sentencing guideline range on Counts 1, 2, 4 and 5 is driven by his categorization as a "career offender." [PSR at 7].

indication in the PSR that Mays engaged in any sort of violent behavior in connection with the offense conduct.

As to the history and characteristics of this defendant, the Court notes Mays was previously convicted of, *inter alia*, possession of cocaine and simple battery at age 17, two counts of aggravated battery at age 20, and distribution of cocaine at age 27.[2] Mays was raised by a single mother and is a lifelong resident of Shreveport, Louisiana. [PSR at 11; ECF No. 133-3 at 3]. Mays has four children who have become adults during his incarceration. [PSR at 11]. Mays is 47 years old and has been incarcerated for this offense since the age of 30.

While in the custody of the Bureau of Prisons ("BOP"), Mays has taken numerous educational, vocational and self-improvement classes in furtherance of his rehabilitation. [ECF No. 133-2 at 1-3]. BOP records indicate he has completed drug education and participated in the non-residential drug counselling program. *Id.* at 5. Mays previously worked as an Orderly, for which he received an excellent work review. *Id.* at 1. However, Mays' BOP disciplinary record is very poor. *Id.* at 3-4; *see also* ECF Nos. 134-1, -3. Most problematic is that Mays has been sanctioned by BOP more than thirty times for incidents involving either indecent exposure or engaging in sexual acts.[3] Additionally, BOP has determined May has a "high risk" recidivism level. [ECF No. 134-2 at 1].

---

[2] Mays was on parole for the latter offense at the time of his arrest by federal authorities. [PSR at 9, ¶¶ 46–47]. On September 21, 2004, Mays' parole was revoked due to the instant offense. *Id.* at ¶ 47.
[3] These incidents appear to primarily involve Mays intentionally exposing himself or masturbating in front of BOP staff members. While troubling, the Court notes Mays' "Summary Reentry Plan –

After consideration of the § 3553(a) factors, including the history and characteristics of this Defendant, the need to afford adequate deterrence to criminal conduct and to promote respect for the law, the parties' arguments, and Congress's intent in passage of the First Step Act, the Court determines that a reduction of Defendant's sentence of imprisonment on Count 1 to 240 months is sufficient but not greater than necessary to comply with the purposes of sentencing. The Court finds such a sentence is a substantial prison term, commensurate with the crimes Mays committed. In this Court's opinion, a greater sentence is not necessary to prevent unwarranted departures when compared with similar sentences in this era. For these same reasons, the Court will reduce the term of supervised release to eight years. Accordingly,

IT IS HEREBY ORDERED that the Motion for Sentence Reduction Pursuant to Section 404 of the First Step Act [ECF No. 133] is GRANTED, and the Court will issue an amended judgment reducing Defendant's term of incarceration on Count 1 to 240 MONTHS, and reducing Defendant's term of supervised release to EIGHT YEARS. Except as modified in this paragraph, all other provisions of the Judgment imposed on July 21, 2005 [ECF No. 61] REMAIN in effect.

SIGNED this 17th day of June, 2021.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

Progress Report" dated May 3, 2019 states, "Psychology staff have not expressed mental health concerns at this time." *Id.* at 5.