UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-50161 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| MELVIN LEE MAYS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion by Petitioner Melvin Lee Mays ("Mays") to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 153]. For the reasons set forth below, Mays's motion [Record Document 153] is **DENIED** and **DISMISSED WITH PREJUDICE**.

## Background

On March 10, 2005, Mays was found guilty on five counts, including: (1) possession with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 ("Count One"); (2) possession with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 ("Count Two"); (3) possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Three"); (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count Four"); and (5) possession of body armor, in violation of 18 U.S.C. § 931 ("Count Five"). Record Document 46.

Mays was sentenced to life imprisonment as to Count One, twenty years imprisonment as to Count Two, ten years imprisonment as to Count Four, and three years as to Count Five, all to run concurrently; he was also sentenced to sixty months as to Count Three, to run consecutively. Mays was sentenced to a total of a life term of imprisonment, plus sixty months, and ten years of supervised release. Record Document 61 at 2-3. In 2020, Mays filed a Sentencing Memorandum seeking a reduction of sentence under Section 404 of the First Step Act. Record Document 133. The motion was granted and Mays was resentenced. *See* Record Documents 139, 140 & 147. As to Count One, Mays's term of imprisonment was reduced to 240 months and his supervised release was reduced to eight years. Record Document 147. As to Counts Two, Three, Four and Five, Mays's term of imprisonment remained the same; those counts were not disturbed by the amended judgment. *See id.* This resulted in a total sentence of twenty-five years of imprisonment and eight years of supervised release. *Id.*

In the instant motion, Mays requests relief based on his conviction under 18 U.S.C. § 922(g). Record Document 153. Mays describes § 922(g) as a "new law [made] retroactive November 1, 2023." *Id.* at 1. Mays is a *pro se* prisoner and his filings are "entitled to the benefit of liberal construction." *Hernandez v. Thaler*, 630 F.3d 420, 426 (5th Cir. 2011). Because Mays raises questions about the constitutionality of one of the statutes under which he was convicted, the Court interprets his motion as one seeking relief under 28 U.S.C. § 2255.[1]

---

[1] In his motion, Mays also requests counsel be appointed to represent him for the purposes of this motion. But there is no constitutional right to counsel for a § 2255 motion. *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir. 1993) (citing *Pennsylvania v.*

## Law & Analysis

Under 28 U.S.C. § 2255, a prisoner may move to vacate, set aside, or correct a sentence imposed by a federal court if: (1) the sentence "was imposed in violation of the Constitution or laws of the United States[;]" (2) "the court was without jurisdiction to impose such sentence[;]" (3) "the sentence was in excess of the maximum authorized by law[;]" or (4) the sentence "is otherwise subject to collateral attack." *United States v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012); 28 U.S.C. § 2255(a). "As the Supreme Court holds, '[h]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal.'" *United States v. Cooper*, 548 F. App'x 114, 115 (5th Cir. 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 621 (1998)). After a defendant is convicted and exhausts the right to appeal, a court is "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (internal marks omitted) (quoting *United States v. Frady*, 456 U.S. 152, 164 (1982)).

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Young*, 77 F. App'x 708, 709 (5th Cir. 2003).

Section 2255 motions are subject to a one-year statute of limitations period. 28 U.S.C. § 2255. The one-year period begins running from the latest of:

(1) the date on which the judgment of conviction becomes final;

---

*Finley*, 481 U.S. 551, 555 (1987)). To the extent Mays requests counsel to represent him on this motion, that request is hereby **DENIED**.

3

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2255(f).

Mays did not file his § 2255 motion within the one-year period. Mays's judgment of conviction was entered into the record in 2005 and was affirmed by the Fifth Circuit in 2006. *See* Record Documents 61 & 77. Unless another provision of § 2255(f) applies, Mays's one-year period to file his § 2255 motion expired over a decade ago.[2]

In his motion, Mays describes § 922(g) as a new law made retroactive on review. But nothing about § 922(g) excuses the untimeliness of Mays's motion. Section 922(g) is not new law—and even if it was, it would not fit within the confines of 2255(f)(3). It is possible that Mays intends to raise a challenge to his conviction based upon the United States Supreme Court's interpretation of § 922(g) in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). But any challenge brought under *Bruen* would also be untimely. *Bruen* was decided on June 23, 2022; Mays's motion was filed nearly two years later on June 3, 2024. Even assuming *Bruen* announced a newly recognized right that

---

[2] Mays's 2021 amended judgment does not restart the one-year limitation period "[b]ecause the sentence reduction ha[d] no impact on the finality of [Mays]'s conviction." *United States v. Olvera*, 775 F.3d 726, 729 (5th Cir. 2015).

4

was made retroactively applicable on collateral review,[3] Mays's motion would still be untimely because he did not file within one year of the *Bruen* decision. *See Taylor v. United States*, No. 20-483, 2024 WL 4341556, at *2 (N.D. Tex. Sept. 26, 2024).

## Conclusion

For the reasons assigned herein, the Court finds that Mays's § 2255 motion is untimely. Accordingly, Mays's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Record Document 153] is hereby **DENIED** and **DISMISSED WITH PREJUDICE**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the petitioner. Unless a Circuit Justice or a Circuit or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeal. In this case, a certificate of appealability is **DENIED** because Mays has failed to demonstrate a substantial showing of the denial of a constitutional right.

**THUS DONE AND SIGNED** this 9th day of December, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[3] Other district courts in this circuit have found that *Bruen* did *not* announce a new rule that was retroactively applicable to cases on collateral review. *See, e.g., Kraut v. United States*, 18-462, 2024 WL 4544122, at *2 (N.D. Tex. Oct. 22, 2024).