UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 04-50161 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| MELVIN LEE MAYS | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) filed by Defendant Melvin Lee Mays ("Mays"). Record Document 165. Mays argues that his medical conditions, alleged experiences of abuse while in custody, and his mother's medical condition constitute extraordinary and compelling circumstances justifying a reduction of sentence. The Government opposes Mays's motion and contends he is not entitled to any relief. Record Document 168. For the reasons set forth below, Mays's motion [Record Document 165] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

## Background

On March 10, 2005, Mays was found guilty of five counts: (1) possession with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 ("Count One"); (2) possession with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 ("Count Two"); (3) possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count Three"); (4)

possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) ("Count Four"); and (5) possession of body armor, in violation of 18 U.S.C. § 931 ("Count Five"). Record Document 46.

Mays was sentenced to life imprisonment as to Count One, twenty years imprisonment as to Count Two, ten years imprisonment as to Count Four, and three years as to Count Five, all to run concurrently; he was also sentenced to sixty months as to Count Three, to run consecutively. Mays was sentenced to a total of a life term of imprisonment, plus sixty months, and ten years of supervised release. Record Document 61 at 2-3. In 2020, Mays filed a Sentencing Memorandum seeking a reduction of sentence under Section 404 of the First Step Act. Record Document 133. The motion was granted and Mays was resentenced. *See* Record Documents 139, 140 & 147. As to Count One, Mays's term of imprisonment was reduced to 240 months and his supervised release was reduced to eight years. Record Document 147. As to Counts Two, Three, Four and Five, Mays's term of imprisonment remained the same; those counts were not disturbed by the amended judgment. *See id.* This resulted in a total sentence of twenty-five years of imprisonment and eight years of supervised release. *Id.*

In the instant motion, Mays argues he is eligible for a reduction of sentence based on his medical conditions, alleged abuse experienced while in confinement, and his mother's medical conditions. *See* Record Document 165.

## Law & Analysis

### I.  Exhaustion of Remedies

Historically, only the Director of the Bureau of Prisons ("BOP") could file a motion to reduce an inmate's sentence. *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5193, 5239. After the First Step Act of 2018, however, a court may consider compassionate release motions directly from prisoners. 18 U.S.C. § 3582(c)(1)(A). But before a prisoner pursues compassionate release through a district court, he must first exhaust all administrative remedies or wait for a lapse of thirty days from the time he files his request with the warden. *Id.*

To comply with the administrative exhaustion requirement, a defendant must exhaust their remedies *before* filing their motion for compassionate release. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020); *United States v. Gurley*, No. 17-0071, 2020 WL 6343142, at *4 (E.D. La. Oct. 29, 2020) ("A defendant must exhaust administrative remedies before filing a motion in the district court seeking compassionate release pursuant to Section 3582(c)(1)(A).").

The administrative-exhaustion provision of 18 U.S.C. § 3582(c)(1)(A) is set out in mandatory terms. The district court can only modify a sentence after the defendant has exhausted administrative remedies. This mandatory language includes no exceptions, equitable or otherwise. *See Martinez-Guevara v. Garland*, 27 F.4th 353, 361 (5th Cir. 2022) ("Mandatory exhaustion regimes brook no exceptions.") (citing *Ross v. Blake*, 578 U.S. 632, 639 (2016)); *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions.").

Mays did not satisfy the exhaustion requirement. Mays submitted a copy of a BP-A0148 form with his motion, requesting compassionate release from the warden of his facility. Record Document 165-1 at 5. The form is dated December 18, 2024, and marked as received by the Warden's Office on December 31, 2024.[1] *See id.* Mays's instant motion for compassionate release is postmarked January 3, 2025. *See* Record Document 165-4. Regardless of which date the Court considers—the date of his request or the date his request was received by the warden—Mays did not wait thirty days after his request was submitted before filing his motion. Mays has not submitted any evidence that the warden denied his request prior to his filing a motion in this Court. As such, Mays did not satisfy the exhaustion requirement before filing his motion.

## II.  Extraordinary and Compelling Circumstances

While Mays did not exhaust his claims before filing the instant motion, if he refiled the motion today, more than thirty days would have passed and his claims would be exhausted. Therefore, the Court finds it in the interest of justice and judicial efficiency to observe the substance of Mays's motion. The Court observes that even if Mays satisfied the exhaustion requirement, he has not presented extraordinary and compelling circumstances that justify a reduction of sentence.

While a court generally "may not modify a term of imprisonment once it has been imposed," there are several exceptions. 18 U.S.C. § 3582(c). One exception allows a court to reduce an inmate's sentence when the inmate provides "extraordinary and compelling

---

[1] On the standard compassionate release form submitted to the Court, Mays writes, without explanation, that his request was denied by the warden on December 13, 2024. *See* Record Document 165 at 7.

4

reasons" to justify a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The inmate bears the burden of showing why a reduction is justified. *See United States v. Clark*, 451 F. Supp. 3d 651, 656 (M.D. La. 2020).

To assist district courts in determining what constitutes an extraordinary or compelling reason, the Sentencing Commission provides a blueprint that elucidates circumstances that may justify reducing a prison term. On November 1, 2023, the United States Sentencing Commission amended the Sentencing Guidelines to provide additional instruction concerning compassionate release. For the first time since the First Step Act was passed, the Commission outlined specific reasons that would be considered "extraordinary and compelling" under 18 U.S.C. § 3582(c)(1)(A)(i). The six categories now outlined in the Sentencing Guidelines are: (1) defendant's medical condition; (2) defendant's age; (3) family circumstances; (4) whether defendant has been a victim of abuse during custody; (5) other reasons; and (6) an extraordinarily long sentence. U.S.S.G. § 1B1.13(b).

Mays alleges that several extraordinary and compelling circumstances exist justifying a reduction of sentence. Specifically, Mays argues he suffers from various medical conditions, has been a victim of abuse while in custody, and has a qualifying family circumstance based on his mother's health.[2] The Court considers each of Mays's alleged circumstances in turn.

---

[2] As the Government notes, Mays also checked several boxes on the standard form that he did not argue in his motion. *See* Record Document 168 at 9. Mays checked boxes indicating that he has "been diagnosed with a terminal illness" and that his "spouse or registered partner has become incapacitated and [he is] the only available caregiver." Record Document 165 at 8. However, Mays did not provide any information, evidence, or

### A. Medical Conditions

A defendant's medical condition can qualify as extraordinary and compelling in certain circumstances. This includes where:

(A) The defendant is suffering from a terminal illness . . . .

(B) The defendant is—

    (i) suffering from a serious physical or medical condition,

    (ii) suffering from a serious functional or cognitive impairment, or

    (iii) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1).[3]

Mays argues he qualifies for a reduction of sentence based on his "mental health issues as well as medical problems." Record Document 165 at 9. Mays's medical records show that Mays has hypertension, neuralgia and neuritis, a history of depression, kidney disease, and depressive type psychosis. *See* Record Document 168-5 at 4-5, 10.[4]

---

argument indicating the presence of either of those circumstances. Mays's mere indication that these circumstances are present is insufficient to carry Mays's burden.

[3] An extraordinary and compelling circumstance may also exist where there is an ongoing outbreak of infectious disease or ongoing public health emergency. *See* U.S.S.G. § 1B1.12(b)(1)(D). That provision is not applicable here.

[4] As of July 23, 2024, Mays's full list of diagnoses includes: depressive type psychosis, hypertension, antisocial personality disorder, myopia, astigmatism, presbyopia, chronic

None of Mays's medical diagnoses qualify as extraordinary and compelling under the Sentencing Guidelines. Mays's conditions are not terminal in nature, do not substantially diminish his ability to provide self-care, and do not require long-term or specialized care that is not being provided. Mays's medical records show he has received regular medical care for both his physical and mental health concerns. *See generally id.* Mays has been prescribed regular medication for his depressive type psychosis, neuralgia and neuritis, and blood pressure. *See id.* at 5, 7. He has been the subject of over twenty suicide risk assessments while in BOP custody. *See id.* at 82. Mays has not established medical conditions that would constitute an extraordinary and compelling circumstance justifying a reduction of sentence.

### B. Alleged Abuse While in Custody

An extraordinary and compelling circumstance exists based on abuse experienced while in custody where:

> The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of . . . physical abuse resulting in 'serious bodily injury,' . . . that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.
>
> For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

U.S.S.G. § 1B1.12(b)(4).

---

gingivitis, unsatisfactory restoration of tooth, neuralgia and neuritis, and malingering. *See* Record Document 168-5 at 115. Mays's list of health problems for which he is in remission includes mononeuropathy of upper limb, allergic rhinitis, and unspecified hemorrhoids. *See id.*

7

Mays argues he was a victim of abuse while in custody. Mays submits that members of the prison staff conspired with the inmates to put a "hit" on Mays's life and otherwise failed to protect him. *See* Record Document 165 at 2-4. He alleges the staff attempted to have him stabbed and gave him a cigarette laced with drugs, which required treatment at the hospital. *See id.* at 2. Mays also alleges that "lots of staff" members, who he believes are conspiring against him, have "already been arrested." *See id.*[5]

Mays cannot establish a qualifying extraordinary and compelling circumstance because the misconduct he alleges has not been established by a criminal conviction, admission of liability, or finding in an administrative proceeding. In January 2024, Mays reported his abuse allegations to the BOP. *See* Record Document 168-3. The BOP investigated the claim and found that there was no evidence of a "hit" on Mays's life, and no evidence of personal property damage or personal injury.[6] *See* Record Document 168-4. There has been no adjudication or finding establishing the alleged misconduct. Thus, Mays has not established alleged abuse that would constitute an extraordinary and compelling circumstance justifying a reduction of sentence.

### C. Family Circumstances

An extraordinary and compelling family circumstance exists where the defendant's parent is incapacitated and "the defendant would be the only available caregiver for the

---

[5] The Government notes that Mays has been diagnosed with depressive type psychosis, which can cause delusions and hallucinations. *See* Record Document 168 at 7-8.

[6] Mays has not submitted to the Court any evidence or records indicating that this alleged incident actually occurred or that he was hospitalized as a result. Further, the extensive medical documentation submitted by the Government includes no records indicating that any such hospitalization occurred. *See* Record Document 168-5.

8

parent." U.S.S.G. § 1B1.12(b)(3)(C). As with all other extraordinary and compelling circumstances, the inmate bears the burden of showing why a reduction is justified. *See Clark*, 451 F. Supp. 3d at 656. Courts in this circuit have consistently denied compassionate release to defendants seeking to care for ill relatives where the defendant does not produce "verifiable medical documentation" showing the relative needing care is actually incapacitated. *United States v. McHugh*, No. 21-0063, 2024 WL 2319814, at *4 (M.D. La. May 22, 2024) (quoting *United States v. Barrios*, No. 20-18381, 2022 WL 7265985, at *4 (W.D. Tex. Sept. 27, 2022)); *see also, e.g.*, *United States v. Duggins*, No. 18-1061, 2021 WL 5449642, at *4-5 (S.D. Tex. Nov. 22, 2021); *United States v. Williams*, No. 18-0291, 2021 WL 1865005, at *3 (N.D. Tex. May 10, 2021) ("Williams does not provide evidence to substantiate his allegations . . . .").

Mays requests relief based on his mother's incapacitation. *See* Record Document 165 at 9. Mays does not provide any information about his mother's incapacitation in his instant motion. However, in his request to the warden, he submits his mother is eighty-two years old and suffers from heart failure, kidney failure, lung failure, and Alzheimer's disease. *See* Record Document 165-1 at 6-7. Mays also asserts she has "no one at home . . . to care for her." *See id.* at 7.

Mays has not carried his burden of proving his mother's incapacitation nor that he is the only available caretaker. The only evidence Mays offers are his short, conclusory statements about the conditions she suffers and that she has no one to take care of her "at home." *See id.* at 6-7. He provides no medical documentation of his mother's conditions. He also provides no explanation as to why he is his mother's only available

9

caretaker. Therefore, he has not demonstrated that his mother's alleged medical conditions constitute an extraordinary and compelling circumstance.

Mays has not presented any extraordinary and compelling reason justifying compassionate release. Accordingly, even if Mays had satisfied the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A), he would not be entitled to a reduction of sentence.

## Conclusion

For the reasons assigned herein, Mays's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) [Record Document 165] is hereby **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

**THUS DONE AND SIGNED** this 7th day of May, 2025.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE